UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NOAH BECK, a minor, by his parents and next friends, HILLARY BECK and JORDAN BECK and HILLARY BECK, in her own right, and JORDAN BECK, in his own right,<br><br>    Plaintiffs,<br><br>  v.<br><br>TENET HEALTHCARE CORPORATION, D/B/A NORTH FULTON REGIONAL HOSPITAL, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 1:09-CV-1680-CAP |

O R D E R

This matter is now before the court on the plaintiffs' motion for remand and motion for an award of costs pursuant to 28 U.S.C. § 1447 [Doc. No. 5] and on the motion for withdrawal of notice of removal filed by defendants North Pointe OB/GYN Associates, LLC, Sean J. Lambert, M.D., and Emile Rose Toufighian, CNM ("the removing defendants") [Doc. No. 10].

**I.   Background**

The plaintiffs filed this case on May 14, 2009, in the State Court of Fulton County, asserting causes of action under state law for medical negligence. On June 22, 2009, the removing defendants removed this case to this court on the basis of diversity jurisdiction [Doc. No. 1]. The remaining defendants, Tenet Healthcare Corporation, Tenet Georgia, Inc., and North Fulton

Medical Center, Inc., consented to the removal of this case on June 23, 2009 [Doc. No. 2].

On June 30, 2009, the plaintiffs filed a motion to remand. In their motion, the plaintiffs argue that the removal of this case on the basis of diversity jurisdiction was improper because all of the defendants are citizens of the State of Georgia. They contend that 28 U.S.C. § 1441(b) permits removal on the basis of diversity jurisdiction only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The plaintiffs contend that they are entitled to the remand of this matter as well as an award of costs pursuant to 28 U.S.C. § 1447(c) because the defendants' notice of removal was clearly defective.

On July 2, 2009, the removing defendants filed a motion to withdraw their notice of removal [Doc. No. 10]. In their motion, the removing defendants state that they filed their notice of removal in good faith. However, they claim that they now realize that their notice of removal was in error. Thus, they do not oppose the plaintiff's motion for remand and, in fact, ask that this case be remanded back to the State Court of Fulton County.

**II.  Analysis**

Because both the removing defendants and the plaintiffs agree that the removal of this case was in error, the court will remand it to the State Court of Fulton County. Moreover, because the fees

-2-

incurred as a result of the removal could have been avoided had the removing defendants more carefully reviewed the law governing removal, the court will require the removing defendants to pay any actual expenses or costs, including attorney's fees, incurred by the plaintiffs as a result of the removal.  <u>See</u> 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  The plaintiffs are DIRECTED to submit an affidavit and accompanying exhibits supporting the amount of costs requested within 10 days of the date of this order.

So ordered, this <u>6</u>th day of July, 2009.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge